## Koons *v.* McWhinney.

PROMISSORY NOTE —*Pleading.*—A note payable in bank, negotiated by the payee, the partner of the maker, was paid at maturity, out of partnership funds, by the payee, who charged the amount to the maker's account. On a subsequent settlement of accounts between the maker and payee, it was agreed that the latter should hold said note, unaltered, for a balance then found due him.

*Held,* in a suit by the payee against the maker, that there could be no recovery on the note, pleaded as it appeared on its face—that the complaint should have declared upon it as reissued for a new consideration.

APPEAL from the Wayne Civil Circuit Court.

RAY, C. J.—The complaint was in two paragraphs. The first was upon a note dated May 10th, 1860, payable sixty days after date, at the Citizens' Bank, Richmond, Indiana, executed by the appellant. The second paragraph was for goods sold and delivered, for money lent, and for money paid at defendant's request.

There was an answer in six paragraphs: 1. Payment. 2. Want of consideration in the note. 3. That the plaintiff and defendant were jointly engaged in buying and packing pork, and the note was executed for the purpose

of being negotiated to raise money on joint account, and that it was so negotiated, and was paid when due, out of the funds of the partnership. 4. That the note was executed and negotiated for the benefit of the defendant, and paid by plaintiff out of funds in his hands belonging to the defendant. 5. Set-off to the account and note. 6. General denial.

The reply was a general denial, plea of payment, and set-off.

On the trial there was proof that the note was executed to raise money for the purchase of hogs, and that the plaintiff paid off the note from the funds of the partnership, and charged the amount to the defendant's account; that at a subsequent date, upon settlement between the plaintiff and defendant, a balance was found due the plaintiff, somewhat exceeding the amount of the note, and it was agreed that this note was to be held for that indebtedness. The court instructed the jury as follows: "The evidence discloses the fact that the note sued upon was given by the defendant May 10th, 1860, payable to the plaintiff at the Citizens' Bank, at Richmond, sixty days after date. The note was indorsed by the plaintiff, and negotiated in the bank. At maturity the plaintiff paid the note in bank, and charged the defendant on his books with the amount paid the bank to redeem the note, but still held the note in his possession. If you believe, from the evidence, that the parties subsequently met and had a settlement of all their accounts, and it was agreed between the parties that the defendant was indebted to the plaintiff in the amount of the note and interest then due upon the same, and that the plaintiff should hold said note for the amount so found due him, if there was no fraud or mistake in such settlement, the plaintiff should recover the amount of the note and interest." The giving of this instruction was assigned as ground for a new trial.

The note was declared upon as it appeared upon its face. If there had been an error in its date, the complaint might,

perhaps, have been amended, if it did not change the issue before the jury. But in this case there was no error in date. The note was executed and delivered as a valid note at the day it was dated. It was so declared on, and the plea of payment was substantially proved. To permit a recovery upon that note under the pleadings, would simply be to allow one cause of action to be stated in a complaint and another proved on the trial. The complaint should have declared upon the note as reissued for a new consideration, and thus have avoided the plea of payment. As an original instrument, it had, as charged in the complaint, been executed and negotiated, and, as alleged in the answer, it had been paid, and its vitality depended upon its reissue. The instruction was wrong.

The judgment is reversed, and the cause remanded for a new trial. Costs here.

*C. H. Burchenal*, for appellant.

*J. P. Siddall*, for appellee.